**TRAYLOR LAW OFFICE, PC**
Michael S. Traylor (SBN 136814)
8601 Lincoln Blvd. 180
Suite 525
Los Angeles, CA 90045
(310 401-6610 ph
(661) 480-1200 fax

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANDY ET AL | Case No. 2:24−cv−10492−SB−JPR |
| Plaintiff, | PLAINTIFFS' JOINT NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND/OR MODIFICATION OF ORDER COMPELLING ARBITRATION |
| v. | |
| MOVE, INC, ET AL. | |
| Defendants. | DATE: August 8, 2025<br>TIME: 8:30 am<br>COURTROOM: 6C<br>JUDGE: Hon. Stanley Blumenfeld, Jr. |

PLEASE TAKE NOTICE that on August 8, 2025 at 8:30 AM or as soon

thereafter as counsel may be heard, the Plaintiffs in the above action shall

move the Court to reconsider its Order Compelling Arbitration. The motion

shall be based upon this Notice, the attached Memorandum of Points and

Authorities along with any exhibits, declaration(s), evidence and/or argument

which may be presented to the Court in connection herewith.


PLEASE TAKE FURTHER NOTICE that simultaneously, Plaintiffs are

filing a Motion for Remand with the Court of Appeal to facilitate the District

Court's jurisdiction to hear the within motion.


The motion is made following a conference among counsel pursuant to

L.R. 7-3, which took place on July 3, 2025.


DATED: July 3, 2025                        Respectfully Submitted

                                           *Michael S. Traylor*

                                           Michael S. Traylor, Esq.
                                           Attorney for Plaintiffs

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION                                                                1

MEMORANDUM OF POINTS AND AUTHORITIES                                            3

    I. **INTRODUCTION**                                    3

        A. Summary of Plaintiffs'' Allegations                        3

        B. Reconsideration of The Order Compelling Arbitration        6

    II **ARGUMENT**                                        6

        A. Reconsideration is Appropriate                             6

        B. Modification of the Order is Appropriate                   7

            *1. Defendants Were Ineligible to Proceed With
Arbitration as Determined by AAA*                              8

            *2. Defendants' Failed to Identify the Applicable
Rules for the Arbitration and Such Failure has
Resulted in a Dispute Therefor*                                9

            *3. Defendants Waived Their Right to Arbitration.
4.*                                                            10

        C. IF THE COURT DOES NOT DENY THE MOTION,
DEFENDANTS SHOULD BE REQUIRED TO PAY
THE COSTS OF ARBITRATION.                                      10

    III. **CONCLUSION**                                   12

i

# TABLE OF AUTHORITIES

<u>Cases</u>

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873, 880 (9th Cir. 2009                                            7


<u>Statutes and Other Authorities</u>

Federal Rules of Civil Procedure ("FRCP"), Rule 60(b)                       6-7


California Civil Code Section 1654                                          11

California Code of Civil Procedure Section 1281.98                          10


California Civil Jury Instructions ("CACI") No. 320]                        11

# MEMORANDUM OF POINTS AND AUTHORITIES

COME NOW, the Plaintiffs in the within matter, seeking reconsideration and/or modification of the Court's Order of  compelling arbitration in the above-captioned matter and other, alternative relief. A copy of the Order is attached hereto as Exhibit A.

Plaintiffs seek an order setting aside or vacating the dismissal of the matter and (after reconsideration) denying Defendants' Motion to Compel Arbitration. The motion is based upon Defendants' inability at the time of filing to proceed with arbitrations utilizing its designated arbitrator, the American Arbitration Association. In addition, relief is sought for the failure of Defendants to designate the applicable rules therefor on the website referenced by Defendants as the basis for compelling arbitration.

In order to allow the District Court to rule on the foregoing, Plaintiffs seek relief of stay/remand from the Court of Appeal and a stay/extension of the briefing schedule for the pending appeal.

# I. INTRODUCTION

## A. Summary of Plaintiffs' Allegations

Plaintiffs are a group of individual real estate agents and brokers from multiple states who were solicited by telephone to purchase one or more of

Defendant Move, Inc.'s (including their co-defendants and subsidiaries, as
alleged) "lead generation" subscriptions.  While Defendants, in their motion,
refer to a single service which they have named "Connections Plus", the
First Amended Complaint ("FAC") specifically refers to "… a so-called "Lead-
Generation" line of products and services…" (See FAC at p.14, paragraph
11). It is therefore noteworthy that Defendants' ability to limit the scope of
the FAC and this litigation is inconsistent with the allegations.

In any event, Plaintiffs allege a detailed solicitation by Defendants
using the "Misleading Information" (See FAC at pp. 14-18) to verbally induce
each Plaintiff to orally enter into a subscription agreement (or series thereof).
The subscription promised Plaintiffs various numbers of "Leads", organized
by zip code, on a monthly basis. Plaintiffs allege that approximately forty
percent (40%) of such leads were "fake". In other words, these were not
non-performing leads or instances where interests change; these were
"leads" which were based upon no reliable data and had no chance of
producing any business whatsoever (e.g., mobile homes which are not real
estate, non-homeowners, non-buyers, under age consumers who expressed
no interest, duplicated consumers, etc.) in direct contravention to the sales
pitch during which the deals were consummated.

When each Plaintiff agreed to the service, they provided Defendants
with a credit card number on the telephone at the same time (and on the

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

same call) as the deal was consummated. This secured the deal and is the

reason the agreement is alleged to be "oral". At no time did the Defendants

present Plaintiffs with a contract or signature or any opportunity to read,

review and indicate acceptance of an agreement in writing.  Defendants

elected this manner of sales… they should be bound by it.

Defendants;' scheme not only involved the high volume of so-called

"Fake Leads", but also involved an intention customer service attrition model

where promised refunds were refused and reneged upon and only

occasional "credits" were issued. However, such credits were not in the form

of refunding monies to the Plaintiffs' credit card; such credits consisted of

more leads (including another set of approximately 40% Fake Leads) which

still required each Plaintiff to maintain and continue to pay for the services in

order to use… or such "credits" would be lost. Of course, Defendants did not

disclose the conditions to benefitting from such "credits" when they were

offered.

After Plaintiffs agreed to purchase the subscription and paid for it,

Defendants contend that an electronic mail communication was sent (with

no confirmation or receipt) within which was buried a dynamic link to a

webpage under Defendants' exclusive control to edit and modify at any time)

which Defendants' assert contained yet another buried provision… a

mandatory arbitration clause.

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

B. <u>Reconsideration of The Order Compelling Arbitration</u>

Defendants motion to compel arbitration was granted. However, Defendants were banned from proceeding with arbitrations by AAA due to an unrelated fee issue. Furthermore, in directing Plaintiffs to the AAA website, Defendants failed to identify the applicable rules for arbitrating disputes.  Plaintiffs contend that the real estate agents would have been entitled to have matters heard under the Consumer Rules and that real estate brokers would be entitled to have matters heard under the Commercial Rules.

However, Defendants' inability to proceed at the time of the Order and failure to designate the applicable rules should result in reconsideration and modification of the Order. The motion to compel arbitration should now be denied.

## II ARGUMENT

A. <u>Reconsideration is Appropriate</u>

Federal Rules of Civil Procedure ("FRCP"), Rule 60(b), in relevant part, provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve

a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) …

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;

(3) …

(4) …

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; ***or applying it prospectively is no longer equitable;*** or

(6) any other reason that justifies relief.

Plaintiffs contend that the foregoing basis now exist as more fully set forth below. In this regard, highly unusual circumstances exist based upon newly discovered evidence. (See, e.g. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiffs' relief is also timely under Rule 60(c) which requires relief to be sought within a reasonable time, but no more than a year after entry of the order.

B.   Modification of the Order is Appropriate

*1. Defendants Were Ineligible to Proceed With Arbitration as*

*Determined by AAA*

After the Order compelling arbitration was granted, Plaintiffs learned

that Defendants were not eligible to participate in arbitrations with AAA.

Attached hereto as Exhibit B (and incorporated by this reference) is a letter

from AAA received by a member of the group represented by the lead

Plaintiffs. The letter from AAA indicates:

> Prior to the filing of this arbitration, Move, Inc failed to
> comply with the AAA's policies regarding consumer
> claims, set forth in the Consumer Due Process Protocol
> ("Protocol") and the Consumer Arbitration Rules
> ("Consumer Rules"), including the Costs of Arbitration,
> and/or removed themselves from the Consumer Clause
> Registry, which can be found on our web site,
> www.adr.org/clauseregistry. **Accordingly, we must decline
> to administer this claim and any other claims between
> this business and its consumers at this time.** (Emphasis
> in original letter)

Based upon the letter, Plaintiffs' counsel contacted AAA to confirm that

Defendants were ineligible to proceed with arbitration. AAA responded by

confirming the foregoing in an e-mail (attached hereto and incorporated

herein as Exhibit C) dated April 10, 2025, which provided, in part:

> Our records indicate that the business is not in good
> standing with the AAA, the business failed to pay the
> Consumer Clause Registry 2024 renewal fee.

Based upon the foregoing, Defendants were ineligible to proceed with the arbitration that they sought to enforce.  Accordingly, Defendants should not be entitled to the benefit of the Order compelling arbitration and the District Court should reconsider its ruling and deny the motion to compel arbitration. While a subsequent cure of Defendants' ineligible may be the basis for matters compelled to arbitration after such cure; no retroactive application of such cure should be applicable

2. *Defendants' Failed to Identify the Applicable Rules for the Arbitration and Such Failure has Resulted in a Dispute Therefor.*

In addition to the foregoing, Defendants' failed to designate which set of rules would apply to arbitration. While Exhibits B and C indicate that the matter was set to proceed under the Consumer Rules (it is noteworthy that Plaintiffs' claimed damages under the California Consumer Legal Remedies Act), Defendants contended that the "Commercial Rules should apply.

The link to the rules for arbitration proceedings contained on Defendants' website did not direct the Plaintiffs to any specific rules. Instead, that link simply directed Plaintiffs to the home webpage for AAA. A non-judicial officer from AAA went on to determine, after some prompting from Defendants, that the Commercial Rules were applicable (see Exhibit D). However, it is noteworthy that initially AAA approached the

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

matter under the Consumer Rules (see Exhibits B and C).  The

determination of the applicable rules is an important due process

consideration which affects Plaintiffs' rights. In the event that the District

Court determines the arbitration is appropriate; such a determination should

be made after notice and an opportunity to be heard on that issue.

        *3.  Defendants Waived Their Right to Arbitration.*

      California Code of Civil Procedure Section 1281.98 provides that the

party seeking to enforce arbitration loses the right to do so for failure to pay

the applicable fees. Here, the American Arbitration Association has made it

clear (See Exhibits B and C) that Defendants materially breached any

arbitration agreement by failing or refusing to pay its fees. As a result,

Defendants' right to enforce any arbitration is waived for material breach.

Exhibit C makes it clear that Defendants' failure ot pay such fees dates back

to 2024.

   C. <u>IF THE COURT DOES NOT DENY THE MOTION, DEFENDANTS'
SHOULD BE REQUIRED TO PAY THE COSTS OF
ARBITRATION.</u>

      One of the key differences between district court trials and arbitrations

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

is the enormous costs of paying the arbitrator.  Arbitration has become big businesses and arbitrators can charge hundreds of dollars per hour in addition to the administrative fees.  As a result, individuals who can afford such costs must refrain from addressing their claims. Large corporations, like Defendants, benefit immensely because they do not have such concerns, can drive such costs up significantly and simply wait for individuals to run out of money. This is a key reason that in the employment context, the employer must pay for arbitration.

The same principles apply here for Plaintiffs. Each plaintiff is an individual real estate agent with limited resources. It is inherently unfair for them to have to choose between pursuing their claims and feeding their families.  As Defendants' arbitration provision contained in the "terms and conditions" is non-specific on the arbitration fees and costs…  and which party is to bear such costs; an ambiguity is created in this regard. Defendants have utilized their pre-designated, non-negotiable terms and conditions and such ambiguity should be construed against Defendants. [See, e.g., California Civil Code Section 1654 and California Civil Jury Instructions ("CACI") No. 320].

///

///

///

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

1

## III. CONCLUSION

2

3    For the foregoing reasons, it is respectfully requested that the District

4    Court reconsider its ruling, vacate the dismissal, deny the motion to compel

5    arbitration and allow the matter to proceed in District Court.

6

7

8    DATED: July 3, 2025                    Respectfully Submitted

9

10                                          *Michael S. Traylor*

11                                          Michael S. Traylor, Esq.

12                                          Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION