**TRAYLOR LAW OFFICE, PC**
Michael S. Traylor (SBN 136814)
8601 Lincoln Blvd. 180
Suite 525
Los Angeles, CA 90045
(310 401-6610 ph
(661) 480-1200 fax

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BANDY ET AL<br><br>Plaintiff,<br><br>v.<br><br>MOVE, INC, ET AL.<br><br>Defendants. | Case No. 2:24−cv−10492−SB−JPR<br><br>PLAINTIFFS' REPY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION<br><br>DATE: August 8, 2025<br>TIME: 8:30 am<br>COURTROOM: 6C<br>JUDGE: Hon. Stanley Blumenfeld, Jr. |

Plaintiffs submit this Reply Brief in support of the pending Motion for Reconsideration.

## I. SUMMARY OF REPLY

Defendants seek to site irrelevant proceedings, improperly and incorrectly insinuate bad faith and otherwise attempt to distract the Court from the issues raised by the motion. Plaintiffs contention is that at the time the proceedings began and until well after the Court ordered the matter to arbitration; Defendant Move, Inc. had been determined ineligible by the American Arbitration Association to conduct a consumer-based arbitration. The real estate agents (but not the brokers) are consumers as was made clear in AAA rejecting a similar matter.

Based upon the AAA determination of Defendant Move's ineligibility; Plaintiffs' counsel inquired and sought to confirm that Defendant Move would not be allowed to participate in any consumer arbitration. AAA confirmed same.

Defendants then campaigned with AAA to classify the matter as a "commercial" arbitration to which AAA acquiesced. This raised additional issues about the type of arbitration, how the type of arbitration would be determined and who would pay the costs therefor. All of such issues are ripe for the Court to reconsider its prior ruling as argued in the motion and herein.

## II. ARGUMENT

### A. Defendants' Misstate Plaintiffs' Argument Regarding Move's Eligibility for Arbitration.

Defendants completely misstate Plaintiffs' argument in an effort to discredit Plaintiffs' attorney with improper and selective excerpts from a very different and quite irrelevant case. Such desperate attempts are indicative of Defendants' inability to make a meritorious argument against reconsideration.

Contrary to Defendants' narrative, Plaintiffs do not contend that the *Bandy et al* arbitration was specifically rejected due to Move's status with the American Arbitration Association ("AAA"). The correspondence with AAA clearly states that Move is ineligible to participate in ***any*** consumer-based arbitration… period. The correspondence speaks for itself. Move was not eligible to participate in an arbitration when the case was filed nor when the Court compelled arbitration. The subsequence efforts by Move's attorneys to fix Move's ineligibility do not resurrect the simple facts as made clear by AAA.

### B. Defendants Other Arguments Are Self-Serving and Lack Merit.

Defendants contend that there is no dispute over which rules apply;

however, clearly there is… or there would be nothing for Defendants to disagree with in the opposition. Plaintiffs' argument is that Move and AAA cannot make a back-door agreement and simply decide which rules apply when such rules are not stated in the agreement. Real estate agents are individuals who operate as such and without the protection of corporate limited liability. Such individuals are "consumers" and should be able to proceed under the "consumer" rules. Plaintiffs acknowledge that real estate brokers are more likely candidates for "commercial" arbitration.

In any event, an important issue exists as to how the foregoing determination should be made. It certainly should not the result of an *ex parte*, back door determination by AAA and Move's lawyers.

**C. Arbitration Fees**

Attached as Exhibit A is the AAA Consumer Fee schedule and attached as Exhibit B is the AAA Commercial Fee schedule. The key differences (highlighted) are the rates and which party is obligated to pay. While Plaintiffs' pointed to the potential costs of arbitration as an element of unconscionability in the motion; now a determination must be made as to which rules and fees apply and who pays them. This is a different argument which is part and parcel upon AAA's arbitrary determination that the Commercial Rules apply…. as AAA was prompted by Defendants.

Defendant Move's failure to address these essential issues in advance is to its peril and further supports forfeiture of the requirement to force Plaintiffs into arbitration.

**D. Further Briefing**

The pleadings by the parties suggest that other issues need consideration by the Court. While Plaintiffs did not prevail in arguing that the cost of arbitration for an individual real estate agent is unconscionable; questions remain as to the payment of such fees. This argument is also part and parcel of the argument around which set of rules apply.

These critical decisions should not be made by an administrator at AAA after being coerced by defense counsel. In this regard, Plaintiffs respectfully request that the parties have the opportunity to brief these issues should the Court not change its ruling regarding compelling arbitration.

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, it is respectfully requested that the District Court reconsider its ruling, vacate the dismissal, deny the motion to compel arbitration and allow the matter to proceed in District Court.

In the event that the Court does not rule as aforesaid, Plaintiffs respectfully request that the parties be afforded the opportunity to brief the issues of which rules apply and the payment obligations among the parties. In light of the pending appeal, an indicative ruling by this Court may be appropriate for such purposes.

DATED: July 21, 2025

Respectfully Submitted

Michael S. Traylor

Michael S. Traylor, Esq.
Attorney for Plaintiffs